IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| JESSIE R. FUNDERBURG, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV  06-0090-N-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## Introduction

Currently pending before the Court for its consideration is Petitioner Jessie R.

Funderburg's ("Petitioner") Petition for Review (Docket No. 1) of the Respondent's denial of

social security benefits, filed March 1, 2006.  The Court has reviewed the Petition for Review

and the Answer, the parties' memorandums, the administrative record (AR) and for the reasons

that follow, will affirm the decision of the Commissioner.

_____

[1]  Michael J. Astrue is substituted for his predecessor Jo Anne B. Barnhart as Commissioner of the Social
Security Administration.  Fed. R. Civ. P. 25(d).*

**Memorandum Decision and Order - Page 1**

# I.
## Procedural and Factual History

Petitioner filed an application for Disability Insurance Benefits and Supplemental

Security Income on March 12, 2003, alleging disability due to degenerative arthritis, sclerosis,

spondylitis, headaches, fatigue, chronic pain and Gulf War Syndrome.  Petitioner's application

was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge (ALJ) James A. Burke held a hearing on June 16, 2005, taking

testimony from Petitioner and vocational expert Tom Moreland.  (AR 247-281.)  ALJ Burke

issued a decision finding Petitioner not disabled on October 11, 2005.  (AR 11-18.)

Petitioner filed a timely appeal to the Appeals Council which denied his request for

review, making the ALJ's decision the final decision of the Commissioner.  (AR 4-6.)  Petitioner

appealed this final decision to this Court.  The Court has jurisdiction to review the ALJ's

decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 47 years old.  He has a high school education

and his past relevant work includes housekeeper/cleaner and electronics assembler.

# II.
## Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a

claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, it must be determined

whether the claimant is engaged in substantially gainful activity.  The ALJ found Petitioner had

not engaged in substantial gainful activity since his alleged onset date.  At step two, it must be

determined whether claimant suffers from a severe impairment.  The ALJ found Petitioner's

fibromyalgia, degenerative disc disease of the cervical region of the spine and musculoskeletal

impairments of the hands are "severe" within the meaning of the Regulations.  Step three asks

whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that

Petitioner's impairments did not meet or equal the criteria for the listed impairments.  If a

claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual

functional capacity (RFC) and determine at step four whether the claimant has demonstrated an

inability to perform past relevant work.  The ALJ found Petitioner was able to perform his past

relevant work as a housekeeper/cleaner.  If a claimant demonstrates an inability to perform past

relevant work, the burden shifts to the Commissioner to demonstrate at step five that the

claimant retains the capacity to make an adjustment to other work that exists in significant levels

in the national economy, after considering the claimant's residual functional capacity, age,

education and work experience.  Having found Petitioner not disabled at step four, the ALJ did

not proceed to step five.

### III.
### Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of

the inability "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which . . . has lasted or can be expected to last for a

continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C.

§ 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971).  An individual will be

determined to be disabled only if his physical or mental impairments are of such severity that he

not only cannot do his previous work but is unable, considering his age, education, and work

experience, to engage in any other kind of substantial gainful work which exists in the national

economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security

Commissioner if the decision is supported by substantial evidence and is not the product of legal

error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474

(1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v.*

*Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402

U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v*

*Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount

of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by

substantial evidence, even though other evidence may exist which supports the petitioner's

claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457

(9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial

evidence, shall be conclusive. *Id.* It is well-settled that if there is substantial evidence to support

the decision of the Commissioner, the decision must be upheld even when the evidence can

reasonably support either affirming or reversing the Commissioner's decision, because the Court

"may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d

1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an

ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment

is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v.*

*Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of

**Memorandum Decision and Order - Page 4**

subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled

role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v.*

*Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## IV.
## Discussion

Petitioner believes the ALJ erred at the fourth and fifth steps of the sequential evaluation

process.  He specifically contends that the ALJ did not consider two of his disabling conditions,

chronic fatigue syndrome (CFS) and Reiter's syndrome, a type of arthritis.  Petitioner asserts that

the hypothetical posed to the vocational expert did not take into account these two conditions.

Petitioner also maintains that no explanation was given for rejecting Petitioner's testimony.

Lastly, Petitioner argues the ALJ did not address how he could be found disabled by the

Department of Veterans Affairs (VA) but not the Social Security Administration (SSA).  The

Court will address each of these arguments in turn.

**A.     ALJ's Evaluation of Petitioner's Possible Reiter's Syndrome and Chronic Fatigue
        Syndrome**

Petitioner contends that the ALJ did not consider his Reiter's syndrome, a form of

arthritis.  Although he does not specifically mention "Reiter's syndrome," the ALJ does not

completely disregard Petitioner's arthritis.  Instead he mentioned that Petitioner alleges

"degenerative arthritis" (AR 12) and he has "moderately advanced osteoarthritis" and

"osteoarthritis of the hands" (AR 13).  The medical record never conclusively stated that

Petitioner suffers from Reiter's syndrome, instead physicians have noted that Petitioner has a

"history of incomplete Reiter's disease" and that the physician's findings may be present in

"Reiter's syndrome...though less likely."  (AR 148, 172.)  The discussion of Reiter's syndrome in

**Memorandum Decision and Order - Page 5**

the medical record is inconclusive.  Accordingly, the ALJ's decision to not specifically address

Reiter's syndrome is supported by substantial evidence.

Additionally, Petitioner contends that the ALJ failed to consider his chronic fatigue

syndrome.  First, the Court would point out that the only reference in the record to CFS is the

VA's decision finding that Petitioner is 40% disabled due to fibromyalgia which it described as

manifesting itself through chronic fatigue syndrome.  Other than this reference to CFS, the

medical record is void of any mention of Petitioner suffering from CFS or even a possible

diagnosis of CFS.  While the Court recognizes that CFS is difficult to diagnose, other than a few

references to complaints of fatigue, the medical record contains no references to the disorder.

The Court would point out that the ALJ's findings include Petitioner's fibromyalgia as

one of his impairments that are considered "severe."  (AR 17.)  Although CFS is not specifically

mentioned, it would be encompassed within the discussion of fibromyalgia, similar to how the

VA addressed the disorder and how Petitioner presents it in his arguments.  Since CFS is a

manifestation of his fibromyalgia and there is no other mention of CFS in the record, the ALJ did

not need to give special consideration to the disorder.

There is no support in the record for the Petitioner's argument that the ALJ failed to take

into account Reiter's syndrome or CFS.  Rather, the ALJ's conclusion to not specifically discuss

these disorders in his decision is supported by substantial evidence in the record.  Because the

record contains few and inconclusive, if any, references to these disorders, the ALJ's decision is

supported by substantial evidence and was not the product of legal error.

**B.     Petitioner's Credibility**

Petitioner argues that there was no explanation given for rejecting his complaints and

testimony. The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and for resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ's findings must be supported by specific, cogent reasons. Id.  If a claimant produces

objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's

subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400

F.3d 676, 680 (9th Cir. 2005). *See also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.

1997) (an ALJ may not discredit a claimant's subjective testimony on the basis that there is no

objective medical evidence that supports the testimony.)  Unless there is affirmative evidence

showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for

rejecting pain testimony.  Id.  General findings are insufficient, the ALJ must identify what

testimony is not credible and what evidence undermines the claimant's complaints. *Reddick v.*

*Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  The reasons an ALJ gives for rejecting a claimant's

testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of*

*Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999).

        In evaluating credibility, the ALJ may engage in ordinary techniques of credibility

evaluation, including considering claimant's reputation for truthfulness and inconsistencies in

claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities,

claimant's work record and testimony from physicians and third parties concerning the nature,

severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d

947, 958-59 (9th Cir. 2002).  Also, the ALJ may consider:  location, duration and frequency of

symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of

medications; and treatment measures taken by claimant to alleviate those symptoms.  See Soc.

**Memorandum Decision and Order - Page 7**

Sec. Ruling 96-7p.

The ALJ noted that Petitioner's activities of daily living are inconsistent with the disabling pain and functional limitations he claims.  The daily activities the ALJ referenced included part-time concrete work, general maintenance on his home, and work as a sander.  (AR 15.)  The ALJ also noted that Dr. Renfro stated Petitioner was able to engage in a wide variety of general daily adaptive activities.  (AR 225.)  The ALJ discussed that the Petitioner's treatment history and objective medical evidence do not suggest the presence of severe unrelenting pain or disabling functional limitations.  The record shows Petitioner failed to seek significant forms of treatment such as hospital confinement, emergency room treatment, or significant office care other than for routine maintenance.  Nor has he been prescribed long term medication for his alleged pain.  (AR 15.)

The ALJ noted inconsistent statements between Petitioner's testimony and what he had previously told physicians.  At the hearing, Petitioner testified that he had constant headaches and joint pain since 2001, and difficulty grasping objects because of numbness in his hands.  However in 2002, he told a physician that he only had occasional numbness in his hands and in 2003, he stated the reason he could not work was because he could not bend or lift objects.  Then in 2005, he stated that his daily activities were only "sometimes" affected by pain.  (AR 15.)  Lastly, Petitioner's physicians have stated that he was not completely precluded from work.  (AR 13-15.)

As stated above, it is the ALJ's job to determine credibility.  *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing.  *Thomas v. Barnhart*,

278 F.3d 957, 959 (9th Cir. 2002).   If the evidence can support either outcome, the court may

not substitute its judgment for that of the ALJ.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.

1999).  The issue is not whether the Court agrees with the ALJ's credibility assessment, but

whether the assessment is sound.  There is substantial evidence in the record to support the ALJ's

finding that the Petitioner was not fully credible as the ALJ took into consideration the objective

medical evidence, opinions of physicians that Petitioner was not precluded from all work,

inconsistencies between the pain he complained of and his daily activities, inconsistent

statements regarding his symptoms and limitations and that extensive treatment was not sought.

The Court finds that, based on the above, there is substantial evidence in the record to

support the ALJ's finding that Petitioner was not fully credible.  The Court will not engage in

second-guessing when the ALJ's decision is sound and there is substantial evidence to support it.

**C.      Residual Functional Capacity to Do Past Relevant Work & Hypothetical Posed to
          Vocational Expert**

Petitioner asserts that the ALJ's finding that he can perform light work, including his past

work, is in error.  The Petitioner contends that the hypothetical posed to the vocational expert did

not include all his limitations, specifically his alleged Reiter's syndrome, CFS and also that he

could only perform periodic work.

At the fourth step in the sequential process, the ALJ determines whether the impairment

prevents the claimant from performing work which the claimant performed in the past, i.e.,

whether the claimant has sufficient residual functional capacity to tolerate the demands of any

past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  A claimant's residual

functional capacity is the most he can do despite his limitations.  20 C.F.R. § 404.1545(a).  An

ALJ considers all relevant evidence in the record when making this determination.  Id.

**Memorandum Decision and Order - Page 9**

Generally, an ALJ may rely on vocational expert testimony.  20 C.F.R. § 404.1566(e); *Bayliss v.*

*Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  An ALJ must include all limitations supported

by substantial evidence in his hypothetical question to the vocational expert, but may exclude

unsupported limitations.  Id. at 1217.

The ALJ's residual functional capacity finding and the hypothetical he proposed to the

vocational expert are supported by substantial evidence in the record.  The AJL need not

consider or include alleged impairments that have no support in the record.  *See Osenbrock v.*

*Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2000).  In his hypothetical, the ALJ did include

limitations imposed by Petitioner's arthritis, including limiting "fine fingering" to occasional and

limiting the amount he could lift or carry.  (AR 17, 276-78.)

As for Petitioner's contentions that the ALJ did not address or consider his CFS or that he

would only be able to periodically work, these limitations are not supported by substantial

evidence in the record and accordingly, the ALJ did not need to include them in his hypothetical

or RFC determination.  There are very few references to fatigue in the record and those very few

references do not amount to substantial evidence for the ALJ to specifically include the disorder

in his hypothetical and RFC determination.  Likewise, there is not substantial evidence in the

record to support Petitioner's contention that he could only perform periodic work.

Without substantial evidence in the record to support these limitations, the ALJ did not

err in excluding them from his hypothetical.  Additionally, the fact that the only evidence of

these limitations are statements from the Petitioner, who the ALJ determined to not be fully

credible, is further support for the ALJ not affording the statements much weight in his

determination.  The ALJ then relied on the vocational expert's testimony, as permitted by the

**Memorandum Decision and Order - Page 10**

regulations, regarding Petitioner's past light duty work as a cleaner/housekeeper.  (AR 275-77.)

See 20 C.F.R. § 404.1566(e).

The ALJ considered the record as a whole, incorporating his determination that Petitioner

was not fully credible, and included the limitations supported by substantial evidence in the

record.  The law provides that the ALJ does not need to include unsupported limitations, which

is precisely what occurred in this case.

**D.      Disability Determination by the Department of Veterans Affairs**

In December 2003, Petitioner received a 40%[2] service-connection disability from the VA

for fibromyalgia.  (AR 63-65.)  Petitioner asserts that the ALJ fails to explain how a person who

is receiving disability from the military, is able to perform "substantial gainful activity."

An ALJ must typically give great weight to a VA determination of disability.  *McCartey*

*v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  The VA determination is not binding on the

SSA because the VA and SSA criteria for determining disability are not identical.  Id.  See also

20 C.F.R. § 404.1504.  The ALJ may give less weight to the VA determination if he gives

persuasive, specific, valid reasons for doing so that are supported by the record.  Id.  In

McCartey v. Massanari, the petitioner had been found to be 80% disabled by the VA and the

ALJ failed to consider, or even mention, that finding in his opinion.  Id.  The Ninth Circuit

reversed and remanded.  Id.

The ALJ discussed the VA's determination that Petitioner had a 40% service-connected

disability secondary to fibromyalgia.  (AR 16.)  After noting that he had determined Petitioner

---

[2]  In his briefing, Petitioner contends he is receiving a 50% disability from the VA but the Court only finds evidence of a 40% disability in the record.  If Petitioner does in fact have a 50% disability rating, the Court's analysis would be the same.

had a severe impairment secondary to fibromyalgia, the ALJ concluded that based upon his RFC,

Petitioner could perform his past relevant work as a housekeeper/cleaner and therefore did not

meet the definition of disabled under the Social Security Act.  Although the VA determination is

entitled to "great weight," the two agencies apply different criteria in determining disability.  Id.

The ALJ noted that Petitioner did indeed have severe impairments, but that he did not meet the

SSA's definition of disabled because he could return to his past relevant work as a

housekeeper/cleaner.  The ALJ gave valid reasons for his finding including that the medical

record did not support the limitations claimed by Petitioner, that he did not find the Petitioner to

be fully credible and reliance upon the vocational expert's testimony that Petitioner could

perform his past relevant work as a housekeeper.  Since the VA's determination is not binding,

the ALJ did not err in his conclusion that Petitioner was not disabled under the Social Security

Act.

## V.
## Conclusion

Based on its review of the entire record, the Court finds that the Commissioner's decision

is supported by substantial evidence and is not the product of legal error.  Therefore, the

Commissioner's decision finding that the Petitioner is not disabled within the meaning of the

Social Security Act will be affirmed.

/
/
/
/
/
/
/
/

**Memorandum Decision and Order - Page 12**

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is**

**hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled

within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be

**DISMISSED**.



DATED: August 24, 2007

Honorable Mikel H. Williams
Chief United States Magistrate Judge

**Memorandum Decision and Order - Page 13**